[No. B062824. Second Dist., Div. Four. Aug. 4, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE JONES, Defendant and Appellant.

## COUNSEL

Cara DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Susan D. Martynec and Arthur H. Auerbach, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

TAYLOR, J.*—Eugene Jones appeals from the judgment entered upon his conviction by jury of first degree burglary (Pen. Code, § 459) and his admission of two prior serious felony convictions and two prior felony convictions for which he served separate prison terms (Pen. Code, §§ 667, subd. (a), 667.5, subd. (b)). He contends: "As the trial court clearly intended that one of the one-year enhancements *not* be added to appellant's sentence, that enhancement, which was 'stayed' in error, must be stricken." (Italics in original.)

The evidence established that on June 11, 1991, appellant broke into the Long Beach apartment of Sylvester Navidad and his wife and stole two video recorders, a cassette player, a radio and $425 in cash. A neighbor observed appellant enter and leave the residence, and appellant's fingerprints were found on the glass door through which he had entered. In defense, appellant's friend claimed he and appellant had been inside the residence on several occasions to sell appliances to the Navidads.

At sentencing, appellant's counsel urged the court to stay the additional term for one, if not both, of the two prior prison term enhancements, for a

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

sentence of fourteen or fifteen years. The prosecutor agreed that appellant deserved consideration for having admitted the prior convictions and prison terms and indicated that a 15- or 16-year term was appropriate. The prosecutor suggested that a fifteen-year term could be arrived at by imposition of the middle term for burglary, two 5-year serious felony enhancements, and one of the two 1-year prison term enhancements. The court stated, "That sounds fair. We're talking 15 years." The court imposed the middle term of four years, two 5-year enhancements and one 1-year enhancement, and stayed the other one-year enhancement.

■ The contention that the stayed enhancement should be stricken is well taken. The trial court indicated it did not wish appellant to serve an additional one year for the second prior prison term enhancement. Its order staying the term for the enhancement was intended to achieve that result, but the court should have followed the statutory directive and stricken the enhancement term, stating its reasons therefor.[1] (Pen. Code, § 1170.1, subd. (h).) Although there is authority for the trial court's choice in staying the enhancement imposed,[2] on the theory that the power to stay an enhancement term is included within a trial court's authority to strike such an enhancement term, we conclude that the better rule, and that followed by other Courts of Appeal, is that such an enhancement, if not imposed, must be stricken. (See *People* v. *Eberhardt* (1986) 186 Cal.App.3d 1112, 1122-1123 [231 Cal.Rptr. 387]. See, also, *People* v. *Irwin* (1991) 230 Cal.App.3d 180, 190 [281 Cal.Rptr. 195].)

The judgment is affirmed, and the matter remanded to the trial court for resentencing as to the allegation under Penal Code section 667.5, subdivision (b) relating to appellant's County of Kern case number 22100.

Woods (A. M.), P. J., and Epstein, J., concurred.

---

[1]Penal Code section 1170.1, subdivision (d) provides: "When the court imposes a prison sentence for a felony . . . the court shall also impose the additional terms provided in Section[ ] . . . 667.5, . . . unless the additional punishment therefor is stricken pursuant to subdivision (h)."

Subdivision (h) provides: "Notwithstanding any other provisions of law, the court may strike the additional punishment for the enhancements provided in Section[ ] . . . 667.5 . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

[2]See this division's opinion in *People* v. *Lopez* (1983) 147 Cal.App.3d 162, 165 [195 Cal.Rptr. 27].