Filed 4/25/13  P. v. Brown CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056509 |
| v. | (Super.Ct.No. SWF1102357) |
| CHRISTOPHER LEE BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Patrick F. Magers, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

On December 16, 2011, an information charged defendant and appellant Christopher Lee Brown with robbery under Penal Code[1] section 211. The information also alleged that defendant had served three prior prison terms under section 667.5, subdivision (b). Moreover, the information alleged that defendant previously had been convicted of a serious or violent felony, which constituted a strike prior under section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1). The information further alleged that defendant had a prior conviction for a serious felony under section 667, subdivision (a). The information was subsequently amended to allege that defendant had a second strike prior.

On March 12, 2012, jury trial commenced. Three days later, the jury found defendant guilty of robbery in violation of section 211.[2] Defendant then waived his right to a jury trial on the prior convictions. The trial court dismissed two of the prior prison terms alleged under section 667.5, subdivision (b), on the prosecutor's motion. The trial court then found that defendant had served the remaining prior prison term under section 667.5, subdivision (b). The court also found true one of the two strike priors alleged under section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We note that the record includes signed verdict forms for count 1 showing defendant was found guilty of three charges, i.e., section 211, a lesser offense of section 487, subdivision (c), and a lesser offense of section 488.

The court further found that defendant had suffered a prior serious felony under section 667, subdivision (a).

On April 20, 2012, defendant filed a motion for a new trial on the grounds of prosecutorial misconduct; and a motion to strike the remaining strike prior under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court denied both motions.

On June 6, 2012, the trial court sentenced defendant to 11 years in state prison, as follows: Midterm of three years for the section 211 violation, doubled to six years because of the strike prior, plus a consecutive term of five years for the prior serious felony under section 667, subdivision (a). The court also imposed but stayed an additional one year for the prior prison term under section 667.5, subdivision (b).[3] The court awarded defendant presentence credits of 263 actual days and 39 days under section 2933.1. The court also imposed fines and fees as required under the law.

On June 19, 2012, defendant filed a timely notice of appeal.

### STATEMENT OF FACTS

On September 19, 2011, at approximately 2:00 p.m., the victim was eating lunch in a park in Temecula, California. An African-American male pulled into the adjacent parking lot, walked by where the victim was sitting, and asked her for directions. After the man talked to the victim for approximately 10 minutes, he grabbed her purse, which

---

[3] On November 20, 2012, defendant filed a letter asking the trial court to strike the prior prison term finding instead of staying the punishment under *People v. Burke* (1956) 47 Cal.2d 45, 50-51 and *People v. Jones* (1992) 8 Cal.App.4th 756, 758. On December 7, 2012, the trial court granted defendant's request and ordered that an amended abstract of judgment be issued.

was lying on the ground next to her. The victim also grabbed her purse and struggled with the man. The man, however, ultimately took the purse, got in his car, and drove away. During the struggle, both of the victim's hands were scraped by the zippers on her purse.

As the man drove away, the victim read and memorized the license plate number on his car, which she later provided to law enforcement. Law enforcement determined that the vehicle belonged to defendant's brother; defendant lived with his brother. Defendant's brother told the officers that defendant often used his car and was using it on September 19, 2011.

Law enforcement provided the license number of the vehicle to security personnel at Pechanga Casino, which was a short distance from where the robbery occurred. At approximately 3:45 p.m., Pechanga security personnel found the car in a parking garage at the casino. While the car was being watched, they observed defendant go from the casino to the car and open the trunk. Security personnel told defendant to "come over here." At that time, defendant started to run, but security stopped him and took him into custody.

Pechanga security personnel called law enforcement. Sheriff's Deputy Anderson was dispatched to the parking garage. When the deputy arrived, she looked in the trunk of the vehicle and saw the victim's purse. The victim's wallet was later found in a men's restroom inside the casino. There were no credit or bank cards in the wallet when it was found.

4

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

5