Filed 11/17/15  P. v. Grogan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ANTHONY GROGAN,<br><br>        Defendant and Appellant. | B258945<br><br>(Los Angeles County<br>Super. Ct. No. GA086514) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Suzette Clover, Judge.  Affirmed in part, modified, and remanded.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Robert Anthony Grogan (defendant) was convicted of three counts of robbery (Pen. Code, § 211[1]), one count of first degree burglary (§ 459), and two counts of false imprisonment (§ 236). On appeal, defendant contends that the abstract of judgment must be amended to reflect the trial court's oral pronouncement that it imposed seven prior prison term enhancements instead of eight as reflected in the abstract of judgment; the trial court erred in staying imposition of sentence on five prior prison term one-year enhancements rather than striking imposition of sentence on them; and the abstract of judgment must be amended to reflect a reduced amount for the restitution and parole revocation fines, or the matter should be remanded to the trial court for resentencing.

We remand the matter for the trial court to amend the abstract of judgment to reflect the trial court's oral pronouncement that it imposed seven prior prison term enhancements, and that restitution and parole revocation fines are each $240; and to exercise its discretion under section 667.5, subdivision (b) to either impose sentence on the five prior prison term enhancements or strike imposition of sentence on them. We otherwise affirm the judgment.

## PROCEDURAL BACKGROUND[2]

The District Attorney of Los Angeles County filed an information charging defendant with three counts of robbery in violation of section 211 (counts 1 to 3), one count of first degree burglary in violation of section 459 (count 4), and two counts of false imprisonment in violation of section 236 (counts 6 and 7).[3] The District Attorney

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

[2] Because the issues on appeal concern sentencing matters, we do not include a statement of facts regarding counts for which defendant was convicted.

[3] Count 5 was only alleged as to codefendant Daryl Phillip Banks. He is not a party to this appeal.

alleged as to counts 1 through 3 that defendant personally used a firearm within the meaning of section 12022.53, subdivision (b); was armed with a firearm within the meaning of section 12022, subdivision (a)(1); served separate terms of imprisonment for eight prior felony convictions pursuant to section 667.5, subdivision (b); suffered nine prior felony convictions pursuant to section 1203, subdivision (e) (4); and suffered a prior conviction for violating section 245, subdivision (a) (1), both a violent and serious felony under sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i) ("Three Strikes" law) and a serious felony under section 667, subdivision (a) (1). The District Attorney alleged as to counts 1 through 4 and 6 through 7, that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a). The trial court granted a motion to strike the prior serious felony and strike conviction allegations.

Following trial, the jury found defendant guilty on all counts, found the robberies to be in the first degree, and found true the firearm allegations. Defendant admitted to suffering seven prior felony convictions.

The trial court sentenced defendant to state prison for a term of 25 years and four months, consisting of a the middle term of four years on count 1, plus 10 years for the firearm enhancement (§ 12022.5, subd. (a)); a 16-month term on count 2, plus three years, four months on the firearm enhancement (§ 12022.53, subd. (b)); a 16-month term on count 3, plus three years, four months on the firearm enhancement (§ 12022.53, subd. (b)); and two years for two prior prison term enhancements. The trial court stayed sentences on counts 4, 6, and 7, and the remaining prior prison terms.

The trial court ordered defendant to pay a $200 restitution fine (§ 1202.4, subd. (b)), a $200 parole revocation fine (§ 1202.45), which was stayed, a $40 court security fee (§ 1465.8), and a $30 court assessment fee (Gov. Code, § 70373). The trial court awarded defendant 959 days of custody credit consisting of 834 days of actual custody credit and 125 days of conduct credit. Defendant filed a timely notice of appeal.

3

### A. Abstract of Judgment—Number of Prior Prison Term Enhancements

Defendant contends, and the Attorney General agrees, that the abstract of judgment must be amended to reflect the trial court's oral pronouncement that it imposed seven prior prison term enhancements rather than eight as reflected in the abstract of judgment. We agree.

Prior to the sentencing hearing, defendant admitted to having suffered seven prior prison term convictions. At the sentencing hearing, the trial judge noted there were seven admitted prior prison term convictions, imposed sentence on them, and as discussed below, stayed imposition of sentence on five of them. The abstract of judgment however reflects that there were eight prior prison term convictions.

"[A] trial court's oral sentence governs if it is different from what appears in a minute order or an abstract of judgment [citations] . . . ." (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1221; *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Accordingly, the abstract of judgment should be amended to reflect the trial court imposed seven rather than eight prior prison term enhancements.

### B. Stay Imposition of Sentence on Prior Prison Term Enhancements

Defendant contends that the trial court erred in staying imposition of sentence on five prior prison term one-year enhancements, rather than striking the imposition of sentence on the enhancements. The Attorney General agrees that the trial court erred in staying imposition of sentence on the five prior prison term enhancements, but argues that the matter should be remanded to the trial court for it to exercise its discretion under

section 667.5, subdivision (b) to either impose the enhancements or strike imposition of sentence on them.[4] We agree with the Attorney General.

In sentencing defendant, the trial judge imposed a sentence of two years on the two most recent prior prison term enhancements, and stayed imposition of sentence on the five remaining prior prison term enhancements. The trial court erred in staying imposition of sentence on the prior prison term enhancements.

Section 667.5, subdivision (b) provides for a one year enhancement of the prison term for a new offense "for each prior separate prison term" served for certain felonies. Section 1170.1, subdivision (d) provides: "When the court imposes a prison sentence for a felony . . . the court shall also impose . . . the additional terms provided for any applicable enhancements." Once a prior prison term is found true within the meaning of section 667.5, subdivision (b), the trial court may strike the imposition of the enhancement, but may not stay imposition of sentence on it. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151; *People v. Jones* (1992) 8 Cal.App.4th 756, 758.)

The record does not indicate the trial court's intention whether to strike imposition of sentence on the five prior prison term enhancements, or impose sentence on them. The matter is remanded for the trial court to exercise its discretion under section 667.5, subdivision (b) to either impose sentence on the enhancements or strike them.

### C.  Abstract of Judgment—Restitution and Parole Revocation Fines

Defendant contends that the abstract of judgment must be amended to reflect a reduced amount for the restitution and parole revocation fines, or the matter should be remanded to the trial court for resentencing. The Attorney General agrees that the abstract of judgment must be amended to reflect a reduced amount for the restitution and parole revocation fines. We agree that the abstract of judgment must be amended.

---

[4]     Defendant's counsel stated that he will not be filing a reply brief because the Attorney General "has conceded to the issues raised in [defendant's] Opening Brief."

5

At sentencing, the trial court orally ordered defendant to pay a $200 restitution fine under section 1202.4 and a $200 parole revocation fine under section 1202.45. As discussed below, this was an unauthorized sentence. In addition, because the abstract of judgment reflects a $300 restitution fine under section 1202.4 and a $300 parole revocation fine under section 1202.45, it does not reflect the trial court's oral pronouncement.

The minimum parole revocation fine under section 1202.45, subdivision (a), is set at "the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." Section 1202.4, subdivision (b)(1) provides that from January 1, 2012, through January 1, 2013, the minimum restitution fine is $240. The restitution and parole revocation fines each in the amount of $240 apply to defendant because he committed his offenses in 2012. (*People v. Souza* (2012) 54 Cal.4th 90, 143 [controlling date for determining the amount of a sentencing fine is the date defendant committed the offenses].) The abstract of judgment should be amended to reflect that restitution and parole revocation fines are each $240.

## DISPOSITION

The matter is remanded for the trial court to amend the abstract of judgment to reflect the trial court's oral pronouncement that it imposed seven prior prison term enhancements, and that restitution and parole revocation fines are each $240; and to exercise its discretion under section 667.5, subdivision (b) to either impose sentence on the five prior prison term enhancements, or strike imposition of sentence on the enhancements. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.