Filed 12/1/15  P. v. Duran CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JOSHUA DURAN,<br><br>　　　Defendant and Appellant. | F069415<br><br>(Super. Ct. No. F14902155)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  David A. Gottlieb, Judge.

Hassan Gorguinpour, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Levy, Acting P.J., Detjen, J. and Peña, J.

Defendant Joshua Duran pled no contest to committing a criminal threat (Pen. Code, § 422) and admitted a prior prison term allegation (§ 667.5, subd. (b)). Pursuant to a negotiated three-year lid, the trial court sentenced defendant to three years in prison and stayed the one-year prior prison term enhancement. On appeal, defendant contends, and the People agree, that the trial court was allowed only to impose or strike, but not stay, the enhancement.

We agree with the parties that a prior prison term enhancement cannot be stayed. "Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Accordingly, the trial court erred when it stayed the enhancement.

The court in *People v. Jones* (1992) 8 Cal.App.4th 756 explained: "The trial court indicated it did not wish appellant to serve an additional one year for the second prior prison term enhancement. Its order staying the term for the enhancement was intended to achieve that result, but the court should have followed the statutory directive and stricken the enhancement term, stating its reasons therefor. (Pen. Code, § 1170.1, subd. (h).)" (*Id.* at p. 758, fn. omitted.) We shall vacate the sentence and remand the matter for resentencing within these parameters and those of the plea bargain.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.