Filed 6/15/16  P. v. Martin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E064877 |
| v. | (Super.Ct.No. RIF1403749) |
| DAVID RAY MARTIN JR., | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed as modified.

William D. Farber, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren J.
Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea to the court, defendant and appellant David Ray Martin Jr. pleaded guilty to robbery (Pen. Code, § 211)[1] with the personal use of a dangerous and deadly weapon, to wit, a BB gun (§ 12022, subd. (b)). Defendant also admitted that he had suffered four prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to a total term of five years in state prison as follows: three years for the robbery conviction, plus one year, to be served consecutively, for the weapon use enhancement, plus one year, again consecutive, for the first of the four prior prison terms. The trial court imposed but stayed one year for each of the remaining three prior prison term enhancements.

Defendant's sole contention on appeal is that the trial court improperly imposed and stayed the enhancements relating to his prison priors, pursuant to section 667.5, subdivision (b). The People concede that the court improperly stayed the enhancements, and that they must be stricken. We agree with the parties that the trial court erred in staying rather than striking three of defendant's prior prison terms and will modify the judgment accordingly.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

I

DISCUSSION[2]

Under section 667.5, subdivision (b), the trial court is required to impose a consecutive one-year term for each prior prison term served for any felony. (*People v. Savedra* (1993) 15 Cal.App.4th 738, 746-747.) Once a prior prison term allegation is found true, the trial court must either impose a consecutive one-year enhancement term pursuant to section 667.5, subdivision (b), or exercise its discretion to strike the allegation pursuant to section 1385. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151; *People v. Jones* (1992) 8 Cal.App.4th 756, 758.) The failure to do so results in a legally unauthorized sentence. (*People v. Bradley* (1998) 64 Cal.App.4th 386, 390-392.)

Thus, the staying of the prior prison term enhancement was an unauthorized sentence. (See *People v. Irvin* (1991) 230 Cal.App.3d 180, 192-193; *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1588-1589.) It is unnecessary to remand the matter to the trial court to decide whether to impose or strike the enhancement, because it is clear from the court's comments that the court did not intend to impose the term on three of the four prior prison terms. As such, we will strike the improperly stayed prior prison term enhancement. (See *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521.)

---

[2] The details of defendant's criminal conduct are not relevant to the limited issue he raises in this appeal, and we will not recount them here.

II

DISPOSITION

The three improperly stayed prior prison term enhancements are stricken rather than stayed. The clerk of the superior court is directed to amend the abstract of judgment and the court's November 12, 2015 minute order in accordance with this opinion and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment, as so modified, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


SLOUGH
J.

4