Filed 6/24/21  P. v. Almanza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LINO ALVARADO ALMANZA,<br><br>Defendant and Appellant. | F080214<br><br>(Super. Ct. No. PCF366367)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Kristine Koo, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P.J., Levy, J. and Peña, J.

Defendant Lino Alvarado Almanza pled no contest to possession of a firearm and possession of ammunition and admitted two prior "strike" allegations and two prior prison term allegations. On appeal, he contends that his two prior prison term enhancements should be stricken in light of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). We order the prior prison term enhancements stricken and affirm in all other respects.

## FACTUAL AND PROCEDURAL SUMMARY[1]

On May 31, 2018, sheriff's deputies pulled defendant over for a traffic stop. Dispatch advised the deputies that defendant had an active felony warrant. Thereafter, the deputies searched defendant's vehicle and discovered a handgun and a box of ammunition. Defendant admitted the gun belonged to him, and he was arrested.

On June 4, 2018, the Tulare County District Attorney filed a complaint charging defendant with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[2] count 1) and being a prohibited person in possession of ammunition (§ 30305, subd. (a)(1); count 2). The complaint further alleged that defendant had suffered two prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served two prior prison terms (§ 667.5, subd. (b)).

On August 26, 2019, defendant pled no contest to both counts and admitted all prior strike and prior prison term allegations. The court released defendant on his own recognizance on a *Cruz*[3] waiver. The court indicated his sentence would be six years in state prison with a maximum time of eight years four months. Defendant agreed that if

---

[1] The facts were derived from the probation report.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] *People v. Cruz* (1988) 44 Cal.3d 1247, 1250.

2.

he did not appear at his sentencing hearing, the trial court would impose the maximum term.

On October 23, 2019, defendant was sentenced to a total term of six years as follows:  on count 1, the upper term of three years, doubled to six years pursuant to the Three Strikes law; and on count 2, the upper term of three years, doubled to six years pursuant to the Three Strikes law, to run concurrently to count 1.  The trial court stayed defendant's two prior prison term enhancements.

On October 31, 2019, defendant filed a notice of appeal.

## **DISCUSSION**

Defendant's sole contention on appeal is that his two prior prison term enhancements should be stricken pursuant Senate Bill 136.  The People concede and we agree.

Senate Bill 136 amended section 667.5, subdivision (b) to limit prior prison term enhancements to only prior terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  The amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date of January 1, 2020.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)  In this case, defendant's two prior prison terms were served for convictions for burglary (§ 459) and carrying a loaded firearm in public (§ 25850), not for sexually violent offenses.  Because defendant's case was not yet final on January 1, 2020, he is entitled to the benefit of Senate Bill 136 and his prior prison term enhancements should be stricken.

Generally, when an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, in this case, remand is not necessary because the trial

3.

court did not impose a sentence for the prior prison terms, instead it incorrectly stayed the enhancements.  (*People v. Jones* (1992) 8 Cal.App.4th 756, 758 ["an enhancement, if not imposed, must be stricken"].)  Thus, no purpose would be served by remand because striking the enhancements does not affect defendant's sentence.

## DISPOSITION

The two prior prison term enhancements under section 667.5, subdivision (b) are stricken.  The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate entities.  The judgment is affirmed in all other respects.