Filed 10/5/21  P. v. Olivas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ERNESTO ALONSO OLIVAS,<br><br>　　Defendant and Appellant. | F079369<br><br>(Super. Ct. No. F15901384)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Levy, Acting P. J., Poochigian, J. and Franson, J.

Defendant Ernesto Alonso Olivas was found guilty by jury trial of rape, forcible oral copulation, and false imprisonment by violence. In addition, he admitted one prior serious felony conviction, one prior "strike," and two prior prison term allegations. On appeal, he contends his two prior prison term enhancements should be stricken in light of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). We order the prior prison term enhancements stricken and affirm in all other respects.

## PROCEDURAL SUMMARY

On July 21, 2016, the Fresno County District Attorney filed a first amended information charging defendant with forcible rape (Pen. Code, § 261, subd. (a)(2);[1] count 1), forcible oral copulation (§ 288a, subd. (c)(2)(A); count 2), and false imprisonment by violence (§ 236; count 3). As to counts 1 and 2, the information further alleged defendant used a deadly weapon within the meaning of section 12022.3, subdivision (a), and as to count 3, he used a deadly and dangerous weapon within the meaning of section 12022, subdivision (b)(1). The information also alleged defendant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)).

On April 24, 2019, a jury found defendant guilty of all counts, but found the weapon use allegations not true. Defendant admitted all prior allegations.

On May 22, 2019, the trial court sentenced defendant to an aggregate term of 26 years in state prison as follows: as to count 1, eight years doubled to 16 years pursuant to the Three Strikes law, plus five years pursuant to section 667,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

subdivision (a)(1), and one year pursuant to section 667.5, subdivision (b);[2] as to count 2, four years to run consecutively; and as to count 3, four years to run concurrently.

## DISCUSSION[3]

Defendant's sole contention on appeal is that his two prior prison term enhancements should be stricken pursuant Senate Bill 136. The People concede and we agree.

Senate Bill 136 amended section 667.5, subdivision (b) to limit prior prison term enhancements to only prior terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date of January 1, 2020. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.) " ' "[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. [Citations.]" [Citation.]' " (*People v. Johnson* (2019) 32 Cal.App.5th 938, 942.) In this case, defendant's two prior prison terms were served for convictions for burglary (§§ 459 & 460) and child endangerment (§ 273a, subd. (a)), not for sexually violent offenses. Because defendant's case was not yet final on January 1, 2020, he is entitled to the benefit of Senate Bill 136 and his prior prison term enhancements should be stricken.

When an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing

---

[2] The trial court stayed one prior prison term. It stated, "I'll stay the [section] 667.5[, subdivision] (b) as to the release on the burglary charge in the present case given that I'm using that prior as the five year prior to [section] 667[, subdivision] (a)(1)."

[3] Because defendant raises only a sentencing issue, the facts underlying the offenses are not relevant and are omitted from this opinion.

discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  On remand, the trial court is permitted to impose the same sentence it originally imposed if some other appropriate method of sentence calculation exists to reach the same result.  (See *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.)  However, a trial court may not impose a higher sentence in that situation.  (*Id*. at pp. 1432–1433; see *People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn.1; *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1311.)  Thus, we remand for resentencing so the trial court may reconsider the entire sentencing scheme when striking defendant's two prior prison terms.[4]

## DISPOSITION

The two prior prison term enhancements under section 667.5, subdivision (b) are stricken and the matter is remanded for resentencing.  The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate entities.  The judgment is affirmed in all other respects.

---

[4]     We note that although the trial court stayed one prior prison term, it should have stricken the enhancement instead.  (See *People v. Jones* (1992) 8 Cal.App.4th 756, 758 ["an enhancement, if not imposed, must be stricken"].)