Filed 9/19/24  P. v. Blake CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>AARYN WAYNE BLAKE,<br><br>　　Defendant and Appellant. | F085883<br><br>(Fresno Super. Ct. No. F15902365)<br><br>**ORDER MODIFYING OPINION**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

The opinion filed in this case on August 20, 2024, is ordered modified as follows:

1. On page 2 of opinion, the first sentence of the last paragraph, beginning "The trial court sentenced defendant" is deleted and the following sentence is inserted in its place:

The trial court sentenced defendant to four years in prison (double the two-year mitigated term) as to count 1 (§§ 211, 667, subd. (e)(1)), plus five years (§ 667, subd. (a)), and imposed and stayed both of the one-year prior prison term enhancements (§ 667.5, former subd. (b)) and the one-year enhancement (§ 12022, subd. (b)(1)) for using a knife, for a total term of nine years.

This modification does not effect a change in the judgment.

HILL, P. J.

I CONCUR:


POOCHIGIAN, J.

Filed 8/20/24  P. v. Blake CA5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARYN WAYNE BLAKE,<br><br>    Defendant and Appellant. | F085883<br><br>(Super. Ct. No. F15902365)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Sara E. Coppin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The trial court found defendant Aaryn Wayne Blake ineligible for resentencing under Penal Code[1] section 1172.75 because the original trial court had stayed his prior prison term enhancements pursuant to section 667.5, former subdivision (b) during his initial sentencing proceedings.

We conclude, however, that section 1172.75 applies to prior prison term enhancements that have been imposed and stayed. We reverse and remand for the trial court to recall defendant's sentence and resentence him in compliance with section 1172.75.

## PROCEDURAL BACKGROUND[2]

On February 16, 2016, defendant pleaded no contest to second degree robbery (§ 211; count 1) and giving false information to a police officer (§ 148.9, subd. (a); count 2). Defendant also admitted that he used a knife in committing the robbery (§ 12022, subd. (b)(1)), had a prior strike conviction under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had a prior serious felony conviction (§ 667, subd. (a)), and served two separate prior prison terms (§ 667.5, former subd. (b)).[3] The felonies underlying the prior prison term enhancement allegations were not sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b).

The trial court sentenced defendant to eight years in prison (double the low term) as to count 1 (§§ 211, 667, subd. (e)(1)), plus five years (§ 667, subd. (a)), and imposed and stayed both of the one-year prior prison term enhancements (§ 667.5, former

---

[1]   Undesignated statutory references are to the Penal Code.

[2]   The underlying facts are irrelevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[3]   The prior prison term enhancement allegations were based upon three separate convictions suffered in 2004, 2006, and 2014, respectively. "Once the prior prison term is found true within the meaning of section 667.5[, former subdivision ](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241, citing *People v. Jones* (1992) 8 Cal.App.4th 756, 758 & *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122–1123.)

subd. (b)) and the one-year enhancement (§ 12022, subd. (b)(1)) for using a knife.[4]  The court also sentenced defendant to credit for time served as to count 2 and ordered him to pay various fines and assessments.

On August 29, 2022, while defendant was still in custody, the court appointed counsel for him and set a hearing to determine defendant's eligibility for relief under former section 1171.1 (now § 1172.75).[5]  Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b), and orders resentencing for defendants upon whom they were imposed.  (See Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.)  Thereafter, the court requested counsel to brief whether defendant was eligible for resentencing if his prior prison term enhancements had been stayed.  The district attorney opposed defendant's eligibility for relief, arguing that prior prison term enhancements resulting in no additional penalty had not been " 'imposed' " within the meaning of section 1172.75.  Defendant contended that the prior prison term enhancements were imposed on him within the meaning of section 1172.75, even though the punishment had been stayed.  The parties do not dispute that the Secretary of the Department of

---

[4]     The court explained, "As to the two prison priors to Penal Code section 667.5[, subdivision] (b) as well as Penal Code section12022[, subdivision] (b)(1) one[-]year enhancement, I will impose each of those for a total of [an] additional three years.  However, I will stay or suspend those at this time, having used those as overwhelming factors to ensure that the Court did not find any reason to stay or strike anything and place him on probation."

[5]     Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) added former section 1171.1 (Stats. 2021, ch. 728, § 3), which became effective January 1, 2022.  The Legislature renumbered section 1171.1 to section 1172.75, effective June 30, 2022, without any substantive changes.  (Stats. 2022, ch. 58, § 12.)

Corrections and Rehabilitation (Department) identified defendant to the superior court as a person eligible for resentencing under section 1172.75.[6]

Following the parties' briefing, the matter was heard on March 1, 2023. The court determined that, because the enhancements were imposed and stayed, rather than imposed and executed, defendant was ineligible for resentencing.

## DISCUSSION

### I. Legal Background

#### A. Standard of Review

Section 1172.75 invalidates any sentence enhancement imposed pursuant to section 667.5, subdivision (b) prior to January 1, 2020, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code. Whether the Legislature used the term "imposed" to include enhancements whose punishment was stayed is a question of law that we review de novo under well-settled standards of statutory interpretation. (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).)

To determine the Legislature's intent and effectuate the law's purpose, we begin with the language of the statute itself, giving words their plain and commonsense meaning while also considering the framework of the entire statutory scheme and keeping in mind its nature and purpose. (*Lewis, supra*, 11 Cal.5th at p. 961.)

If the words do not provide a reliable indicator of legislative intent, we may be able to resolve ambiguities " 'by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes.' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)

---

[6] The communication prepared by the Department that identified defendant does not appear in the record on appeal, nor when the Department transmitted this information to the superior court. However, defense counsel advised the court that the Department had identified stayed prison priors on defendant's abstract of judgment, "[a]nd that's why these cases are before the Court."

We do not interpret the statute so literally as to contravene the apparent legislative intent, " ' "and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." ' " (*Ibid*.)

However, if the statute is ambiguous, "we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy." (*Gonzalez, supra*, 43 Cal.4th at p. 1126.)

### B. Sentencing Enhancements Pursuant to Section 667.5, Subdivision (b)

At the time defendant was sentenced, section 667.5, former subdivision (b) required that trial courts "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served if he had not remained free of custody for at least five years. (Stats. 2014, ch. 442, § 10.) Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5, subdivision (b) to limit prior prison term enhancements only to prior prison terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, pp. 1–4, eff. Jan. 1, 2020.) As an amendment that ameliorated criminal punishment, Senate Bill 136 applies retroactively to cases that were not final when the amendment took effect. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Smith* (2020) 46 Cal.App.5th 375, 396.)

The Legislature then enacted former section 1171.1 to address those defendants whose sentences were final before section 667.5, subdivision (b) took effect: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense[,] … is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).) The Secretary of the Department and the county correctional administrator of each county are directed to identify individuals in custody and "currently serving a term for a judgment that includes an enhancement described in [section 1172.75, ]subdivision (a)" and to provide the

information to the court who sentenced the individuals identified.[7]  (§ 1172.75, subd. (b).)  The court is directed to review the judgment, and if it included a sentencing enhancement "described in [section 1172.75,] subdivision (a)," "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  The Secretary and courts are directed to prioritize defendants who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement.  (§ 1172.75, subds. (b)(1), (c)(1).)

Resentencing shall not result in a longer sentence and "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)  Additionally, the court shall apply the sentencing laws currently in effect and may consider enumerated postconviction factors that reflect the defendant's reduced risk of future violence and that circumstances have changed such that the defendant's continued incarceration is no longer in the interest of justice.  (§ 1172.75, subd. (d)(2), (3).)

## II.     *Analysis*

The parties here dispute the meaning of the word "imposed" as used in section 1172.75, subdivision (a).  Defendant contends that "imposed" includes enhancements for which the trial court pronounced a term of imprisonment, even if that sentence was then stayed and not executed.  Focusing on section 1172.75, subdivision (d)(1), the Attorney General argues that resentencing a defendant whose enhancement was initially stayed would not result in a lesser sentence, conflicting with section 1172.75, subdivision (d)(1), and therefore concludes that the Legislature intended

---

[7]      We note that defendant's abstract of judgment (form CR-290.1, rev. Jan. 2, 2012) instructed that an "S" should be entered if punishment for an enhancement was stayed and not to list "ANY STRICKEN ENHANCEMENT(S)."  Form CR-290.1 (rev. July 1, 2012) currently instructs, in addition to indicating a stayed enhancement with an "S," that "PS" should be entered if punishment only was stricken for an enhancement and not to list "ENHANCEMENTS FULLY STRICKEN" by the court.

"imposed" to mean "imposed and executed." Section 1172.75 does not explicitly address whether its remedy of a full resentencing applies to an enhancement that did not increase the aggregate sentence, either because the enhancement was imposed and stayed, or because it was imposed but the additional punishment was stricken.

The Courts of Appeal are split over whether section 1172.75 permits resentencing for defendants whose judgments include stayed prior prison term enhancements under section 667.5, former subdivision (b), and the issue is pending before the California Supreme Court. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38, 48–49 (*Rhodius*) [§ 1172.75 does not authorize resentencing for stayed prior prison term enhancements], review granted Feb. 21, 2024, S283169; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [without analysis, concluding that § 1172.75 requires resentencing for stayed prior prison term enhancement per Attorney General concession]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 315 (*Christianson*) [concluding there is "no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed"], review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1273 [§ 1172.75 requires resentencing for stayed prior prison term enhancements, even though originally stayed in error], review granted Mar. 12, 2023, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673–674 (*Mayberry*) [§ 1172.75 requires resentencing for stayed prior prison term enhancements, even though originally stayed in error].)

As instructed in *Lewis*, we begin with the language of the statute itself. (*Lewis, supra*, 11 Cal.5th at p. 961.) "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' " (*Gonzalez, supra*, 43 Cal.4th at p. 1125.) Because the word "impose" in

section 1172.75 did not provide a reliable indicator of legislative intent, the next step was to examine the word "impose" in the context of section 1172.75 and "harmonize the statute internally and with related statutes." (*Gonzalez*, at p. 1126.) In *Gonzalez*, our Supreme Court interpreted the word "impose," used in section 12022.53, to mean "impose and execute" to harmonize its uses in different subdivisions and to effectuate the legislative intent to ensure substantially longer prison sentences for felons using firearms to commit crimes.[8] (*Gonzalez*, at pp. 1127–1128, 1129.)

Although *Gonzalez* recognized that the term "imposed" generally applies to both enhancements executed or stayed, the Attorney General argues that "imposed" as used in section 1172.75, subdivision (a) cannot include "imposed and stayed" because that meaning is not consistent with section 1172.75, subdivision (d)(1), as elimination of an enhancement that was initially stayed can never result in "a lesser sentence than the one originally imposed" (§ 1172.75, subd. (d)(1)). In *Rhodius*, the court concluded that "[i]n order to harmonize section 1172.75, subdivision (d)(1)'s requirement with section 1172.75, subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.' " (*Rhodius, supra*, 97 Cal.App.5th at p. 44, review granted.) The court thus concluded that defendants with stayed prior prison term enhancements are not entitled to recall and resentencing under section 1172.75 because the sentence on their enhancement was not executed. (*Rhodius*, at p. 44 ["To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed'

---

[8] Section 12022.53, subdivision (f) limited the court to imposing only one additional term of imprisonment for each crime and to imposing the term with the longest sentence. It also prevented the court from suspending the execution or imposition of sentence or striking an allegation under section 12022.53. By interpreting the word "impose" to mean "impose and execute," a trial court would be permitted to "impose and stay" additional enhancements and preserve the ability to impose and execute such additional enhancements should the executed enhancement be invalidated on appeal. (*Gonzalez, supra*, 43 Cal.4th at pp. 1127–1128.) This interpretation also harmonized section 12022.53 with the rationales of section 654 and the Judicial Council's rule requiring a stay of any legally prohibited enhancement for the same reason (Cal. Rules of Court, rule 4.447). (*Gonzalez*, at pp. 1127–1128.)

would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence [pursuant to section 1172.75, subdivision (d)(1)] simply because the judgment contained a stayed enhancement."].)

Those courts rejecting *Rhodius* have concluded that eliminating a stayed enhancement can still result in a "lesser sentence," consistent with section 1172.75, subdivision (d), because removal of the stayed enhancement does provide some relief to the defendant by eliminating the potential for an increased sentence if other portions of the sentence are overturned on appeal or in other certain circumstances. (See *Christianson, supra*, 97 Cal.App.5th at p. 312, review granted; *People v. Saldana, supra*, 97 Cal.App.5th at p. 1278, review granted; *Mayberry, supra*, 102 Cal.App.5th at pp. 674–676.)

We do not find this argument compelling as prior prison term enhancements, even though made invalid under section 667.5, subdivision (b), do not have the potential of increasing the sentence of a defendant whose judgment is final (i.e., the time for appeal has passed or the appellate procedures have been concluded). The purpose for staying execution of an enhancement is to preserve the possibility of imposing it should a reversal on appeal reduce the unstayed portion of the sentence. (*Gonzalez, supra*, 43 Cal.4th at p. 1128; see *People v. Niles* (1964) 227 Cal.App.2d 749, 756.) Section 1172.75 provides relief only for those defendant's whose judgments are final. Even if such a defendant were resentenced at some time in the future for some other reason, section 667.5, subdivision (b) has invalidated the prior prison term enhancement for defendants who have not served prison time for a sexually violent offense, and no prison term could be reimposed at any resentencing. Therefore, the stayed invalid prior prison term enhancements do not still have the potential to increase a defendant's punishment, and this reasoning does not provide a way to harmonize use of the term "imposed" in section 1172.75, subdivision (a) with subdivision (d)'s directive that eliminating the enhancement shall result in a lesser sentence.

Nonetheless, we conclude that section 1172.75, subdivision (d)(1) is consistent with including stayed enhancements within the definition in section 1172.75, subdivision (a) in light of section 1172.75, subdivision (d)(2) and (3). Section 1172.75, subdivision (d)(2) requires trial courts to apply any other changes in law that reduce sentences or provide for judicial discretion to do so (and the Legislature would be aware that such sentencing changes had been made since defendant's sentencing). In addition, section 1172.75, subdivision (d)(3) permits the court to consider postconviction factors and evidence that reflect changed circumstances such that the defendant's continued incarceration is no longer in the interest of justice. Therefore, a defendant resentenced in accordance with these subdivisions would receive a lower sentence, consistent with section 1172.75, subdivision (d)(1)'s requirement that the trial court impose a "lesser sentence than the one originally imposed," even if the prior prison term enhancement had been originally stayed. (*Christianson, supra*, 97 Cal.App.5th at p. 314.)

If a statute is ambiguous, "we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy." (*Gonzalez, supra*, 43 Cal.4th at p. 1126.) In enacting section 1172.75, the Legislature explained that amendments to section 667.5, subdivision (b) should apply retroactively "to all persons currently serving a term of incarceration in jail or prison *for* these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1, italics added.) The Attorney General argues that defendants in prison with stayed prior prison term enhancements are not serving terms of incarceration "for" those enhancements.

*Rhodius* found section 1172.75 to be ambiguous (*Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, review granted) and "review[ed] the legislative history of both Senate Bills 136 and 483 as Senate Bill 483 provided retroactive relief for the repeal executed in Senate Bill 136. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) as amended Mar. 3, 2021, p. 2.)" (*id.*at p. 46). *Rhodius* concluded that "[t]he legislative history of Senate Bill 136 illustrates three primary motivations for the

10.

enactment of the bill:  (1) sentencing enhancements are ineffective and disproportionately subject the 'Black and Latino' communities to longer periods of incarceration; (2) ending double punishment for prior convictions; [and] (3) reallocating 'wasteful' spending from imprisonment to community-based services."  (*Rhodius*, at p. 46, quoting Sen. Com. on Public Safety, Analysis of Sen. Bill No. 136 (2019-2020 Reg. Sess.) as amended Jan. 15, 2019, pp. 1–5.)  Senate Bill 483 was intended (1) to provide relief for " '[p]eople in California jails and prison who were convicted prior to the RISE acts [and] are still burdened by mandatory enhancements,' " (2) to " ' "ensure … that no one is serving time based on rulings that California has already deemed unfair and ineffective," ' " (3) "to provide relief for ' "[t]hose who were convicted prior to their enactment [and] continue to be separated from their families and communities," ' " and (4) reduce the financial burden on taxpayers and families caused by additional years in prison.  (*Rhodius*, at p. 46, quoting Sen. Com. on Public Safety, Analysis of Sen. Bill No. 483 (2021–2022 Reg. Sess.) as amended Mar. 3, 2021, pp. 3, 5.)

We part ways with *Rhodius*'s conclusion that "[t]he legislative histories of both Senate Bills 136 and 483 contain a clear presupposition by the Legislature of an imposed and executed sentence."  (*Rhodius, supra*, 97 Cal.App.5th at p. 47.)  The Legislature intended to ameliorate the disproportionate impact sentencing enhancements have on the "Black and Latino" communities and found that sentencing enhancements subject the members of these communities to longer periods of incarceration.  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 136 (2019–2020 Reg. Sess.) as amended Jan. 15, 2019, p. 2.)  This is true even for a sentence with a stayed prior prison term enhancement, as such a sentence may well reflect a longer period of incarceration because the trial court may have decided to stay other sentencing enhancements or make different sentencing choices had the defendant not also been eligible for the prior prison term enhancements.  (*Christianson, supra*, 97 Cal.App.5th at p. 315.)

11.

A different panel of this court has concluded that, under the language of section 1172.75 and in light of the California Supreme Court's decision in *People v. Gonzalez, supra*, 43 Cal.4th at page 1125, a prior prison term enhancement that is imposed and then stayed is "imposed" within the meaning of section 1172.75. (*Mayberry, supra*, 102 Cal.App.5th at p. 668.)  While we disagree with *Mayberry* that imposed-but-stayed prior prison term enhancements carry the possibility for execution where, as here, defendants potentially eligible for section 1172.75 are serving final judgments (*Mayberry*, at p. 668), we do agree with *Mayberry* that that the Legislature would have been aware that the law permitted stayed prior prison term enhancements in certain situations[9] and could have limited application of section 1172.75 to those enhancements that were imposed and executed, if that was its intent, but did not (*Mayberry*, at p. 676).

We follow the weight of authority and conclude that section 1172.75 authorizes the recall and resentencing of a defendant whose prior prison term enhancement was stayed and agree the language of section 1172.75 indicates the Legislature intended the statute to apply broadly to those still in custody whose judgment includes at least one prison prior.  The trial court erred in denying defendant's petition under section 1172.75. We remand the matter for the trial court to recall defendant's sentence and resentence him.

---

[9]    In *People v. Brewer* (2014) 225 Cal.App.4th 98, the court held that a trial court may not impose and execute sentences for section 667.5, subdivisions (a) and (b) enhancements based upon the same prior felony conviction.  (*Brewer*, at p. 104.)

12.

**DISPOSITION**

The March 1, 2023 order denying defendant's petition under section 1172.75 is reversed, and the matter is remanded for further proceedings consistent with this opinion.

HILL, P. J.

WE CONCUR:


POOCHIGIAN, J.


SMITH, J.